UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE, et al.,<br><br>Defendants. | No. 2:17-01205-KJM-CKD P<br><br><br>ORDER |

Petitioner, a California state inmate proceeding pro se, filed this civil rights action against officers and employees of Mule Creek Prison. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I. BACKGROUND

Plaintiff filed a complaint against defendants, who are ten employees of Mule Creek Prison, on June 8, 2017, ECF No. 1, along with a motion to proceed in forma pauperis, ECF No. 2. On June 16, 2017, plaintiff consented to magistrate judge jurisdiction. ECF No. 4. On August 17, 2018, the magistrate judge issued a screening order, as required under 28 U.S.C. § 1915A(a), in which she screened out all but three of plaintiff's claims, with leave to amend. ECF No. 12. The order also granted the motion to proceed in forma pauperis. *Id.* Plaintiff did not amend his complaint, and no objections were filed. *See* ECF No. 16 at 1. On October 19,

/////

1

2018, the magistrate judge issued an order directing service on defendant Sanchez and defendant Huisar.[1]  *Id.* at 2.

On December 3, 2018, defendants Sanchez and Huisar filed the instant request for ruling by a district judge on the screening order and the order directing service on defendants, ECF Nos. 12 & 16. Req., ECF No. 21. Defendants argue that, under *Williams v. King*, 875 F.3d 500 (9th Cir. Nov. 9, 2017), the magistrate judge did not have the authority to enter a dispositive decision, because the unserved defendants had not consented to proceeding before the magistrate judge. Req. at 1.

II. DISCUSSION

"A magistrate judge's jurisdiction to enter an order, rather than to issue recommendations to the district court, is dependent on whether the matter before that magistrate judge is characterized as dispositive or non-dispositive of a claim or defense of a party." *JJCO, Inc. v. Isuzu Motors Am.*, Inc., No. CV 08-00419 SOM/LEK, 2009 WL 3818247, at *2 (D. Haw. Nov. 12, 2009) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72). The parties' consent is not required for magistrate judge jurisdiction over pretrial, non-dispositive matters. *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) ("[T]he magistrate judge's jurisdiction over any pretrial nondispositive matters, including magistrate [judge]-recommended dispositions, is not contingent on litigant consent, 28 U.S.C. § 636(b)(1), and Rule 72, not 73, codifies the attendant procedures.") (citing Fed. R. Civ. P. 73).

The magistrate judge's grant of plaintiff's motion to proceed in forma pauperis is a non-dispositive order that is well within the magistrate judge's authority. *Smith v. Officer Sergent*, No. 215CV0979GEBDBP, 2016 WL 6875892, at *1 (E.D. Cal. Nov. 21, 2016) ("[I]t is well settled that a magistrate judge may grant a motion to proceed in forma pauperis.").[2]

---

[1] Defendant's name is spelled "Huizar" in his request at ECF No. 21.

[2] Conversely, denial of a motion to proceed in forma pauperis is a dispositive motion, because it is effectively a dismissal of the action. *See Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988); *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) ("Although section 636(b)(1)(A) does not specifically reference a motion to proceed in forma pauperis, . . . a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate [judge]'s authority.").

Additionally, the order directing service on the defendants was a procedural one, derivative of the screening order. It dealt with a "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Therefore, it also is non-dispositive order within the authority of the magistrate judge under 28 U.S.C. § 636(b)(1)(A). *See JJCO, Inc. v. Isuzu Motors Am., Inc.*, 2009 WL 3818247, at *2 (E.D. Cal. Nov. 12, 2009).

However, the Ninth Circuit has clarified that an order dismissing a complaint, even with leave to amend, is considered dispositive, and therefore a magistrate judge does not have jurisdiction to enter such an order without consent of the parties. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (magistrate judge does not have jurisdiction to "screen[] and dismiss[] the complaint" without consent of all parties); *Dollar v. Gutierrez*, 111 F. Supp. 3d 1114, 1119 (D. Nev. 2015) ("An order denying a motion to dismiss or granting it with leave to amend is a determination of the motion. The same is true of screening orders."); *see also Spencer v. Kokor*, No. 117CV00597LJOJLTPC, 2018 WL 1693446, at *1 (E.D. Cal. Apr. 6, 2018) (distinguishing an "initial, non-dispositive screening . . . well within magistrate judge jurisdiction" in which magistrate judge "identifie[s] deficiencies in Plaintiff's allegations and provide[s] amendment opportunity" from "dismiss[ing] a case or claim during screening," which the magistrate judge cannot do "unless all named parties have appeared and consented to magistrate judge jurisdiction." (citing 28 U.S.C. § 636(b)(1)(A))). Thus, defendants are correct that the magistrate judge did not have the authority to enter the screening order in this case, because the unserved defendants had not consented to proceeding before the magistrate judge.

Defendants' request at ECF No. 21 is GRANTED. The magistrate judge's screening order at ECF No. 12 will be construed as findings and recommendations, which the district court must review. The parties have 14 days from the date of this order to file objections to the screening order. Thereafter, the court will issue an order resolving whether to adopt or reject the magistrate judge's screening order at ECF No. 12.

IT IS SO ORDERED.

DATED: June 13, 2019.

_____
UNITED STATES DISTRICT JUDGE

3