UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1205 KJM CKD P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, has filed a motion requesting an extension of time to complete discovery and the appointment of counsel. (ECF No. 41.)

Discovery in this matter closed on June 7, 2019, and any requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) were to have been served no later than April 8, 2019. (ECF No. 25 at 5.) Plaintiff's conclusory assertion that his disability "hinders Plaintiff from normal functioning" fails to explain why he did not seek an extension of time prior to the close of discovery or to demonstrate sufficient cause to warrant the re-opening of discovery. (ECF No. 41 at 1.) Furthermore, he fails to explain what discovery he needs additional time to complete, how much time he requires, and why he was unable to complete discovery in the time provided. The motion will therefore be denied.

////

1

Plaintiff has also requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Plaintiff's conclusory assertion that his disability prevents him from functioning normally also fails to establish the extraordinary circumstances necessary to warrant the appointment of counsel. Though he has provided documentation verifying that he is disabled, there is no indication as to how that disability prevents him from proceeding without representation, and plaintiff has shown himself capable of articulating his claims without assistance up to this point. The motion for appointment of counsel will therefore be denied.

Plaintiff is reminded that he is obligated to respond to defendants' pending motion for summary judgment. (ECF No. 39.) The response is currently due by August 14, 2019, and the hearing is scheduled for August 28, 2019, at 10:00 a.m. in Courtroom 24. Failure to respond to the motion will result in a recommendation that this case be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time and appointment of counsel (ECF No. 41) is denied.

Dated: July 30, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:patr1205.eot

2